**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION**

**MICHAEL BARNHILL,**

        **Plaintiff,**

**v.**

                                       Civil Action No.  <u>1:25-cv-356</u>

**MOUNTAIN VALLEY PIPELINE, LLC,
a Pennsylvania limited liability company;
EQUITRANS MIDSTREAM CORPORATION,
a Pennsylvania corporation; and
EQT CORPORATION, a Pennsylvania corporation,**

        **Defendants.**

## <u>NOTICE OF REMOVAL</u>

      Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendants Mountain Valley Pipeline, LLC

("MVP"), The Midstream Company (f/k/a Equitrans Midstream Corporation) and EQT

Corporation ("EQT") (collectively, unless otherwise noted, the "Defendants"), file this Notice of

Removal, removing Civil Action No. 25-C-21 from the Circuit Court of Monroe County, West

Virginia, to the United States District Court for the Southern District of West Virginia, Bluefield

Division, and in support, state as follows:

### *Statement of Removal*

      1.      On or about April 29, 2025, Plaintiff Michael Barnhill ("Plaintiff") commenced the

above-captioned action in the Circuit Court of Monroe County, West Virginia by filing a

Complaint, which has been indexed as Civil Action No. 25-C-21 (the "Complaint").

      2.      The West Virginia Secretary of State served a copy of the Complaint on

Defendants' registered agent, CT Corporation System, on May 1, 2025.

3.     Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit 1** is a copy of the Monroe County, West Virginia docket for this matter and a true and correct copy of the Summons, Complaint and all process, pleadings and orders served on Defendants.

4.     Defendants have not filed a responsive pleading in the Circuit Court of Monroe County, West Virginia.

5.     Pursuant to 28 U.S.C. § 1441(a), removal of an action originally filed in state court is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."

6.     28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7.     As set forth below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's common law wrongful termination claim is completely preempted by the anti-retaliation provision of the federal Pipeline Safety Act, 49 U.S.C. § 60129, and, therefore, arises out of the laws of the United States.

### *Basis for Federal Question Jurisdiction*

8.     To establish federal question jurisdiction for removal purposes, the civil action must be "founded on a claim or right arising under the Constitution, treaties or laws of the United States . . . without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b).

9.     Plaintiff's Complaint alleges a single cause of action for common law wrongful termination in violation of public policy. Plaintiff asserts that he was wrongfully terminated "for raising concerns with and making complaints to Defendants related to safety issues including improperly welded pipelines and quality of pipes as well as other PHMSA regulations." *See* Complaint ¶ 57.

2

10.    Plaintiff's wrongful termination claim, although pleaded as a state-law cause of action, is nevertheless a claim arising out of the laws of United States as a result of the "complete preemption doctrine." The "well-pleaded complaint rule" ordinarily directs the court "to look no farther than the plaintiff's complaint in determining whether a lawsuit raises issues of federal law capable of creating federal-question jurisdiction under 28 U.S.C. § 1331." *Custer v. Sweeney*, 89 F.3d 1156, 1165 (4th Cir. 1996). However, the "complete preemption doctrine" is "an independent corollary of the well-pleaded complaint rule, and trumps the plaintiff's characterization of his claim by 'convert[ing] an ordinary state common law complaint into one stating a federal claim.'" *Id.* (citations omitted). The doctrine applies where Congress has acted to "so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 63–64 (1987).

11.    The United States Congress has authorized the Pipeline and Hazardous Materials Safety Administration (PHMSA) to regulate the safety of natural gas pipeline facilities and persons engaged in the transportation of natural gas. 49 U.S.C. §§ 60101–60140 *et seq.* The PHMSA's enabling statute, the Pipeline Safety Act, contains an express preemption provision. *See id.*, at § 60104. The Pipeline Safety Act also contains a comprehensive anti-retaliation provision for whistleblower claims related to pipeline safety brought by an employee of "a person owning or operating a pipeline facility" or "a contractor or subcontractor of such a person." *See id.*, at § 60129(a)(2). The federal cause of action articulated in § 60129 of the Pipeline Safety Act authorizes a pipeline employee to file a whistleblower claim with the Secretary of Labor and to enforce any order issued by the Secretary through a private cause of action. *See id.*, at § 60129(b).

12.    Plaintiff concedes that his claims arise from his work on an interstate pipeline, that the pipeline is subject to PHMSA regulation, and that the alleged "substantial public policy" giving

rise to his claims are PHMSA regulations. (*See* Complaint, ¶¶ 6, 7, 26-27, 30, 47, 49, 57). As such, Plaintiff's purported state-law whistleblower claims are preempted by the whistleblower section of The Pipeline Safety Act.

### *Removal Procedure*

13.    Removal of the above-captioned matter is timely under 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a) because this Notice of Removal is filed within thirty (30) days of receipt of the Complaint by Defendants.

14.    Removal is properly made to the United States District Court for the Southern District of West Virginia, Bluefield Division, under 28 U.S.C. § 1441(a), because Monroe County, where this action is pending, is within the Southern District of West Virginia, Bluefield Division. *See* 28 U.S.C. § 129(a).

15.    Defendants will file written notice of the filing of this Notice of Removal with the Clerk of the Circuit Court of Monroe County, West Virginia concurrently with the filing of this Notice and Removal and will serve the same on Plaintiff pursuant to 28 U.S.C. § 1446(d).

**WHEREFORE**, by this Notice of Removal, Defendants remove this action from the Circuit Court of Monroe County, West Virginia, and request that this action proceed as properly removed to this Court.

**MOUNTAIN VALLEY PIPELINE, LLC, EQUITRANS MIDSTREAM CORPORATION and EQT CORPORATION,**

**By Counsel**


*/s/ Jennifer J. Hicks*
Jennifer J. Hicks, Esquire (WVSB #11423)
Timothy M. Miller, Esquire (WVSB #2564)
Babst, Calland, Clements & Zomnir, P.C.
300 Summers Street, Suite 1000
Charleston, WV 25301
681-205-8888
681-205-8814 (fax)
jhicks@babstcalland.com
tmiller@babstcalland.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION**

**MICHAEL BARNHILL,**

       **Plaintiff,**

**v.**

                                   **Civil Action No.** <u>1:25-cv-356</u>

**MOUNTAIN VALLEY PIPELINE, LLC,
a Pennsylvania limited liability company;
EQUITRANS MIDSTREAM CORPORATION,
a Pennsylvania corporation; and
EQT CORPORATION, a Pennsylvania corporation,**

       **Defendants.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing NOTICE OF REMOVAL was electronically filed May 29, 2025, via the Court's CM/ECF system, which will send a notice of the electronic filing, and that I served the same by electronic mail and by first-class mail, postage prepaid to the following:

John-Mark Atkinson, Esquire
Natalie R. Atkinson, Esquire
Atkinson & Frampton, PLLC
2306 Kanawha Boulevard East
Charleston, WV 25311
*Counsel for Plaintiff*

<u>*/s/ Jennifer J. Hicks*</u>
Jennifer J. Hicks, Esquire (WVSB #11423)