UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

**MICHAEL BARNHILL,**
      **Plaintiff,**

v.                                                        Civil Action No. 1:25-cv-00356

**MOUNTAIN VALLEY PIPELINE, LLC,**
a Pennsylvania limited liability company;
**EQUITRANS MIDSTREAM CORPORATION,**
a Pennsylvania corporation; and
**EQT CORPORATION,** a Pennsylvania corporation,
      **Defendants.**

## PLAINTIFF'S REPLY IN SUPPORT OF
## MOTION TO REMAND AND FOR ATTORNEY FEES

Defendants have failed to demonstrate that the Pipeline Safety Act completely preempts Plaintiff's common law retaliatory discharge claim, as required for this Court to exercise jurisdiction. Further, they had no legitimate basis to remove this action from state court because the very text of the Pipeline Safety Act preserves Plaintiff's right to pursue his claim in state court. This action must be remanded with an award of fees to Plaintiff.

Before proceeding to his argument, Plaintiff takes the opportunity to correct an inaccurate assertion by Defendants. Defendants argue in summarizing the procedural history of this matter that Plaintiff filed his response to their Motion to Dismiss out-of-time. *See also* Defs.' Resp. to Mtn. to Remand at 4 n.1, ECF No. 15 ("Defs.' Resp."); Defs.' Reply in Support of Motion to Dismiss, ECF No. 12. Defendants filed their Motion to Dismiss on June 6, 2025. The traditional fourteen-day deadline would have made the response due on June 20, 2025. L.R. Civ. P. 7.1(a)(7).

However, because June 20, 2025 was a state holiday (West Virginia Day), Plaintiff's response was not due until June 23, 2025, and was timely filed on June 22, 2025. Fed. R. Civ. P. 6(a)(6)(C).

## ARGUMENT

### I. Defendants Make No Attempt to Square Their Preemption Argument with the Statutory Text Preserving State Tort Claims.

The Court's analysis should begin and end with the text of the Pipeline Safety Act, 49 U.S.C. § 60101 *et seq.* (hereinafter the "Act"). For complete preemption to apply, Congressional intent to "entirely displace[]" state law "must be clear in the text of the statute." *Lontz v. Tharp*, 413 F.3d 435, 441 (4th Cir. 2005) (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65–66 (1987)). The Act plainly preserves the right of individuals to bring a private right of action in tort for violations of its provisions, stating: "[t]his chapter does not affect the tort liability of any person." 49 U.S.C. § 60120. Section 60120 makes Congressional intent perfectly clear: there is no legislative desire to displace state law tort claims with the Act, and complete preemption does not apply.

Simply put, Defendants have no answer to this argument. They barely even address it in their response, instead choosing to focus on § 60121—a companion provision which preserves an individual right to seek injunctive relief outside of the Act. *See* Defs.' Resp. at 13. The savings clause in § 60121 merely reinforces Plaintiff's main argument, which is that § 60120 definitively puts to rest any possible claim of complete preemption. On this point, Defendants have no cogent response.

The best Defendants can do is argue that "Plaintiff has not identified any case" holding that the Act's anti-retaliation provision "does not completely preempt state law pipeline safety whistleblower claims." Defs.' Resp. at 14. This begs the question: why would there be a need to locate such a case when the express language of the Act shows that preemption does not apply?

While Defendants are correct that no court has addressed whether § 60129 preempts state law retaliation claims, courts across the country have universally held that the Act does not preempt state law tort claims that do not interfere with federal pipeline safety standards. *See Baldonado v. El Paso Nat. Gas Co.*, No. CIV-08-0008 JC/LCS, 2008 WL 11322139, at *8 (D.N.M. May 7, 2008), *report and recommendation adopted*, No. CIV 08-08 JC/LCS, 2008 WL 11322212 (D.N.M. June 4, 2008); *Slavich v. Broadhurst*, No. CIV. A. 93-1646, 1993 WL 500800, at *4 (E.D. La. Nov. 29, 1993) (remanding case removed under Pipeline Safety Act because complete preemption did not exist and plaintiff alleged only state causes of action); *see also Washington Gas*, 711 F.3d at 422; *Tenneco Inc. v. Pub. Serv. Comm'n of W. Virginia*, 489 F.2d 334, 337 (4th Cir. 1973); *Pennsylvania Servs. Corp. v. Texas E. Transmission, LP*, No. 2:11-CV-01076, 2011 WL 13234909, at *1 (W.D. Pa. Oct. 12, 2011); *Am. Energy Corp. v. Texas E. Transmission, LP*, 701 F. Supp. 2d 921, 931 (S.D. Ohio 2010).

Defendants have the analysis backwards, asking the Court to *start* with a presumption of complete preemption because there is no case directly on point. *See* Defs.' Resp. at 7–9. Their argument is inconsistent with both the text of the statute and Supreme Court precedent on complete preemption. *See Metro. Life*, 481 U.S. at 65–66. The Court should reject Defendants' arguments and remand this action.

## II. *Rayner* is Not Applicable.

Defendants rely on the Fourth Circuit's decision in *Rayner v. Smirl* to argue that the Act's anti-retaliation scheme completely preempts Plaintiff's retaliatory discharge claim. *See* Defs.' Resp. at 12 (citing *Rayner v. Smirl*, 873 F.2d 60 (4th Cir. 1989)). This case is inapplicable here.

*Rayner* did not consider the Pipeline Safety Act; instead, it analyzed a now-outdated version of the Federal Railroad Safety Act. Like the Pipeline Safety Act, the Railroad Safety Act

3

contains a whistleblower protection scheme designed to prevent retaliation against those who report violations of railroad safety regulations. *See Rayner*, 873 F.2d at 65; *see also* 49 U.S.C. § 20109 (current version of the anti-retaliation provision). *Rayner* held that the Railroad Safety Act's anti-retaliation scheme was a law "relating to railroad safety" which, under the express preemption provision of the Railroad Safety Act, preempted state common-law retaliation claims. *Rayner*, 873 F.2d at 65.

*Rayner* is not relevant here for two reasons. First, the express preemption provision which the Fourth Circuit analyzed was broader than the express preemption clause in the Pipeline Safety Act. The express preemption clause read at the time:

> [L]aws, rules, regulations, orders, and standards relating to railroad safety shall be nationally uniform to the extent practicable. A State may adopt or continue in force any law, rule, regulation, order, or standard relating to railroad safety until such time as the Secretary [of Transportation] has adopted a rule, regulation, order, or standard covering the subject matter of such State requirement. **A State may adopt or continue in force an additional or more stringent law, rule, regulation, order, or standard relating to railroad safety when necessary to eliminate or reduce an essentially local safety hazard, and when not incompatible with any Federal law, rule, regulation, order, or standard**, and when not creating an undue burden on interstate commerce.

*Rayner*, 873 F.2d at 65 (citing 45 U.S.C. § 434 (now repealed)) (emphasis added). The Fourth Circuit noted that the Maryland retaliatory discharge claim at issue was "an additional . . . law . . . relating to railroad safety," was "incompatible" with the anti-retaliation remedial scheme, and was therefore preempted. *Id.* at 65–66.

The preemption provision previously codified in the Railroad Safety Act is far broader than the limited express preemption provision found in the Pipeline Safety Act. The Act's preemption provision preempts only incompatible State *safety standards* and prevents a State from adopting its own safety standards for intrastate pipelines. *See* 49 U.S.C. § 60104(c) ("A State authority . . . may adopt additional or more stringent safety standards for intrastate pipeline facilities and

4

intrastate pipeline transportation only if those standards are compatible with the minimum standards prescribed under this chapter. A State authority may not adopt or continue in force safety standards for interstate pipeline facilities or interstate pipeline transportation."). It does not broadly preempt "incompatible" State laws, as did the provision at issue in *Rayner*.

Second, the Railroad Safety Act has since been amended to clarify that the statute does not preempt state law safeguards against retaliation. *See* 49 U.S.C. § 20109(g) ("Nothing in this section preempts or diminishes any other safeguards against discrimination, demotion, discharge, suspension, threats, harassment, reprimand, retaliation, or any other manner of discrimination provided by Federal or State law."). The amendment brings the Railroad Safety Act in harmony with the Pipeline Safety Act, which, as discussed above, contains its own provision clarifying that it does not preempt state tort claims which do not involve the adoption of pipeline safety standards. 49 U.S.C. § 60120. Both statutes now allow a whistleblower to bring an independent claim for retaliation under state law.[1] For these reasons, *Rayner* does not support Defendants' complete preemption argument.

### III. Defendants Did Not Remove in Good Faith and Plaintiff is Entitled to Fees.

Defendants' response proves that they lacked a good-faith basis for removing this action from state court. While the Act contains a limited express preemption provision, 49 U.S.C. § 60104(c), it pertains only to state interference with federal regulation of pipeline safety standards. It does not preclude state retaliation claims by an employee who reported violations of pipeline

---

[1] Defendants misrepresent this Court's opinion in *Bailey*, implying that the Court held there that the Pipeline Safety Act's anti-retaliation provision establishes federal preemption. Defs.' Resp. at 12 (citing *Bailey v. Norfolk & W. Ry. Co.*, 842 F. Supp. 218, 222 (S.D. W. Va. 1994)). *Bailey* considered the Railroad Labor Act and held that removal of a plaintiff's state law discrimination claim was not subject to complete preemption. *Bailey*, 842 F. Supp. at 224.

5

safety standards. Section 60120 of the Act makes this abundantly clear. 49 U.S.C. § 60120 ("This chapter does not affect the tort liability of any person.").

In removing this action, Defendants ignored the express language of the Act and therefore lacked an objectively reasonable basis for removal. *See Martin v. Franklin Capitol Corp.*, 546 U.S. 132, 141 (2005). Even when responding to Plaintiff's motion to remand, they make no attempt to reconcile § 60120 with their complete preemption argument. *See* Defs.' Resp. at 13–14. They simply ignore it. *See id.* Their improper removal has wasted Court resources and needlessly delayed this litigation. The Court should award fees to deter similar conduct in the future. *See, e.g.*, *McDerment v. Synchrony Bank*, No. 2:24-CV-00508, 2024 WL 5096217, at *4 (S.D.W. Va. Dec. 12, 2024) (awarding fees upon remand where no "objectively reasonable basis existed upon which the [d]efendant's removal could rest"). Plaintiff renews his request for an award of fees.

## IV.    CONCLUSION

Remand is proper because complete preemption does not apply. The Court therefore lacks jurisdiction over Plaintiff's Complaint, which pleads a single common law claim for retaliatory discharge. Plaintiff respectfully requests that the Court remand this action and grant his request for fees.

Respectfully submitted,

**MICHAEL BARNHILL,**

By counsel:

/s/ Natalie Atkinson
Natalie Atkinson (WVSB # 12030)
John-Mark Atkinson (WVSB #12014)
Atkinson & Frampton, PLLC
2306 Kanawha Blvd. East
Charleston WV 25311
natkinson@amplaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

**MICHAEL BARNHILL,**
   **Plaintiff,**

v.                  Civil Action No. 1:25-cv-00356

**MOUNTAIN VALLEY PIPELINE, LLC,**
A Pennsylvania limited liability company;
**EQUITRANS MIDSTREAM CORPORATION,**
a Pennsylvania corporation; and
**EQT CORPORATION,** a Pennsylvania corporation,
   **Defendants.**

## CERTIFICATE OF SERVICE

  I, Natalie Atkinson, counsel for Plaintiff, do hereby certify that service of "PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND AND FOR ATTORNEY FEES" was made upon the parties listed below by electronic filing pursuant to the Court's CM/ECF system, which will send notice of the filing to the following counsel:

         Jennifer J. Hicks, Esquire

7

>Timothy M. Miller, Esquire
>Babst, Calland, Clements & Zomnir, P.C.
>300 Summers Street, Suite 1000
>Charleston, WV 25301
>*Counsel for Defendants*

on this 14th day of July, 2025.

>/s/ Natalie Atkinson
>Natalie Atkinson (WVSB #12030)